## The Eminent Household of Columbian Woodmen v. Kesterson.

(Decided November 11, 1910.

### Appeal from Fulton Circuit Court.

Insurance—Fraternal Insurance—Policy on One Killed in a Fight—Question of Liability of Insurer.—Thomas J. Kesterson was a member of a secret fraternal society under the supervision of a supreme body, which insures its members through the lodge system exclusively. The members are called "guests" and the insurance is called a "covenant," which covenant provided that if a guest was convicted of a felony * * * or shall die in consequence of a duel or combat, except in self-defense * * * the covenant shall be void. Kesterson was killed in a fight with R. R. Rogers, and in an application by his widow for the insurance the society by its answer alleged that "he came to his death when he was violating or attempting to violate the law in that he was attempting to take the life or to do great bodily harm to a fellow man, R. R. Rogers, and * * * was killed by said Rogers, and by said act violated his covenant." A demurrer was sustained to the answer. Held on appeal, that the demurrer was properly sustained. If the insurer would avail itself of a condition of the policy excusing it from liability it must plead the facts so as to bring the case within the excepted clause. From all that appears in the answer, Kesterson may have been attempting to defend himself from Rogers when the latter took his life, and in such an event he was not violating the law.

HERSCHEL T. SMITH for appellant.

RONEY, McMURRY & FLATT for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant is a secret fraternal society, under the supervision of a supreme body, which insures its members through the lodge system exclusively. In consideration of certain premiums paid to it, it issued to Thomas J. Kesterson, one of its members, designated as "guest" a written policy of insurance, which is called a "covenant." In the covenant is this condition:

"If a guest holding a covenant shall be convicted of a felony, or expelled from the order, or becomes intemperate in the use of liquor, or the use of opiates, cocaine, chloral or other narcotics or poison to such an extent as to impair his health, or shall die in consequence of a duel, or combat except in self defense, or by the hands of a beneficiary, except by accident, or by the hands of jus-

tice, or by disease resulting from vicious, intemperate, or immoral acts on the part of such guest, or in consequence of violation or attempted violation of the law by such guest the covenant shall be void and of no effect.''

Thomas J. Kesterson died while a member of the society and during the term covered by the covenant of insurance. This suit was brought by his widow, the beneficiary in the covenant, to recover the sum agreed to be paid upon his death during that period.

The answer contained this plea:

''Now the defendant alleges that the insured Thomas J. Kesterson, came to his death when he was violating and attempting to violate the law in that he was attempting to take the life of, or do great bodily harm to, a fellow man, R. R. Rogers, and the defendant says that in consequence of his violation or attempted violation of the law, the said Thomas J. Kesterson was killed by the said R. R. Rogers on the 31st day of October, 1908, and it says that by reason of his violation or attempted violation of the law in attempting to kill or do great bodily injury to the said R. R. Rogers, he then and there forfeited the covenant sued on,'' etc.

General demurrer was sustained to the answer. The defendant declining to plead further, judgment was rendered by default for the sum sued for.

The demurrer was properly sustained. Stripping the answer of allegations constituting legal conclusions of the pleader, such as ''when he was violating or attempting to violate the law,'' the defense is, that the insured Kesterson was attempting to take the life or do great bodily harm to R. R. Rogers, and was killed by said Rogers. It is not alleged that Kesterson was the assailant. It is not shown which began the affray. Enough is stated to show that there was an affray between Kesterson and Rogers, for it is said that Kesterson was trying to kill Rogers, and that Rogers killed Kesterson. Now the covenant contains an express stipulation covering such an incident. It is:

''If a guest holding a covenant shall * * * die in consequence of a duel, or combat except in self defense * * * the covenant shall be void.''

For aught that appears Kesterson and Rogers may have been engaged in a duel; at least they were, it appears, engaged in a combat, in which Kesterson lost his life. If the insurer would avail itself of a condition of

the policy excusing it from liability, it must plead the facts showing their existence so as to bring the case within the excepted clause.

A duel is a violation of law. So is a mortal combat. These are made specific causes for evading the policy. That the insured lost his life "in consequence of violation or attempted violation of law by him" is made an additional ground of defense by the covenant. It was not meant to repeat in this general expression that which had been particularly described in the preceding clause. The latter expression was intended to have embraced violations of the law in addition to those mentioned specifically. Construing the pleading most strongly against the pleader, an old and most familiar rule for testing its sufficiency upon demurrer, we find that the answer did not state matter constituting defense to the cause of action on the covenant. For all that appears Kesterson may have been attempting to defend himself from Rogers when the latter took his life. In such event he was not violating the law, and his act was furthermore saved by the express exception contained in the qualifying clause which has been quoted.

Judgment affirmed.